# U.S. Department of Justice
## United States Marshals Service

### PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Brian Perron (#167203) | 08-C-2757 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| County of Dupage, etal. | Summons and Complaint |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

County of DuPage

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

Dupage County Sheriffs Office c/o Civil Division, 501 North County

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Brian Perron - #167203
Dupage County Jail - (DCJ)
P.O. Box 957
Wheaton, IL   60187

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 3 |
| Check for service on U.S.A. | X |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Farm Road, Wheaton, IL. 60187

**FILED**
JUN 12, 2008
JUN 1 2 2008   YM
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER | DATE

---

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 OF 3 | 24 | 24 | R.T. | 5-29-8 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

| Address (complete only if different than shown above) | Date of Service | Time | am/pm |
|---|---|---|---|
| NOT SERVED | 6/3/08 | 3:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 96.00 | 29.10 | 0 | 125.10 | 0 | 125.10 | 0 |

REMARKS: SOS Civil Division - NEW Specific Name - would not accept w/out name

1 USM
60 miles   2 hours

**PRIOR EDITIONS MAY BE USED**   1. CLERK OF THE COURT   FORM USM-285 (Rev. 12/15/80)

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
Northern District of Illinois

**SUMMONS IN A CIVIL ACTION**

Brian Perron

CASE NUMBER: 08-cv-02757

vs.

JUDGE: Robert M. Dow, Jr

Co. of Dupage

TO:  Co. of Dupage    Zaruba    Lavery

NAME: Brian Perron #167203
ADDRESS: Dupage - DCJ
P.O. Box 957
CITY: Wheaton, IL 60187

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney: an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

MICHAEL W. DOBBINS, CLERK                May 27, 2008

Deputy Clerk
s/Johnnie M. Patterson

## RETURN OF SERVICE

| Service of the summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]　Served personally upon the defendant. Place where served: _____

[ ]　Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____

[ ]　Returned unexecuted: _____

[ ]　Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing Information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____　　_____
　　　　　　　　　Date　　　　　　　　　　　　　Signature of Server

_____
Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.
AO440 (REV. 1/90) Summons in a Civil Action

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Brian Perron.

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

**08CV2757**

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

Co. of Dupage,(Personal Cap)

Sheriff Zaruba.(Personal Cap.)

Chief Lavery (Personal Cap.)

JUDGE DOW
MAGISTRATE JUDGE KEYS

(Enter above the full name of ALL
defendants in this action. **Do not
use "et al."**)

**CHECK ONE ONLY:**

__XXX__   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____   COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____   OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A.   Name: Brian Perron

    B.   List all aliases: _____

    C.   Prisoner identification number: 167203

    D.   Place of present confinement: Dupage Co. Jail

    E.   Address: 501 N. County Farm Rd., Wheaton, Il 60187

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.   Defendant: Co. of Dupage.(Personal Cap.)

        Title: N/A

        Place of Employment: Co. of Dupage

    B.   Defendant: Sheriff Zaruba.(Personal Cap)

        Title: Sheriff of Dupage Co. Sheriff's Office

        Place of Employment: Dupage Co. Jail

    C.   Defendant: Chief Lavery (Personal Cap.)

        Title: Chief of Dupage Co. Sheriff's Office

        Place of Employment: Retired, address unknown to inmate

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: Perron V Lyons; 07CH2200

B. Approximate date of filing lawsuit: Aug. 31, 2007

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: Brian Perron

D. List all defendants: David Lyons

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Dupage Co. Court

F. Name of judge to whom case was assigned: Judge Popejoy

G. Basic claim made: Fraudulent statement to judge regarding legal material

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Dismissed for past Statue of Limitation

I. Approximate date of disposition: Jan. 4, 2008

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

3

Revised 9/2007

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

  A. Name of case and docket number: Perron V Sgt. Mateer, et al., 08C1735

  B. Approximate date of filing lawsuit: March 25th, 2008

  C. List all plaintiffs (if you had co-plaintiffs), including any aliases: None

  D. List all defendants: Sgt. Mateer, Dep. Hannon, Chief Lavery

  E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): US Dist., Northern Dist.

  F. Name of judge to whom case was assigned: Magistrate Judge Keys

  G. Basic claim made: Police Brutality

  H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Pending

  I. Approximate date of disposition: ____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV.  **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Between April 19th, 2005 & Aug. 14th, 2006, plaintiff requested multiple times for magic shave for his facial hair. Deputies kept telling plaintiff that policy prohibited the use of magic shave. In Oct. of 2005, a black inmate requested magic shave and was given it to use for his facial hair. Plaintiff asked for some and was told "no". When asked why, plaintiff was told because he was white and he had to use the razors eventhough they irritate his skin. Oct. 18th, 2005, Plaintiff filed a grievance per Inmate Rules and Regulations to which was never responded to. On Oct. 25th, 2005, an appeal was filed to Chief Lavery per Rules and Reg. which was never replied to, reaffirming that policy as stated to plaintiff by dep. that white inmates cannot use magic shave. Aug. 14th, 2006, plaintiff was transferred to IDOC, so plaintiff waited to file a complaint so he could find an attorney to assist him. On April 18th, 2007, plaintiff was released from IDOC, then rearrested on May 7th, 2007 and sent back to Dupage Co. Jail. On June 25th, 2007, plaintiff requested the use of magic shave and was told by deputy that jail policy prohibited the use of magic shave by caucasian inmates.

Plaintiff then asked what shaving alternatives there were for caucasins and was told there was none even though blacks had an alternative. On June 25th, 2007, plaintiff filed a grievance per Inmate Rules and Regulations which grievance officer replied that "Magic shave is only dispensed to African American inmates due to skin types and caustic ingredients within magic shave can cause harm to fair skin types." Ex B. On June 30th, 2007, plaintiff filed an appeal to Chief Lavery, which stated, "I affirm Dep. Manion's response.... Finally, if you possess a medical condition that requires a different shaving option, you may request to see medical about same." Inmates are charged to see medical. Black inmates don't have to have an order from medical to receive an alternative to shaving with a razor, all they have to do is ask for it. Any policy of local government that violates an inmates constitutional rights, inmates can hold municipality liable.

5

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

enjoining and restraining the defendants from committing unequal treatment to white inmates with policies of the jail; supply white inmates with an alternative to shaving with razors; ??? for damages; ??? for punitive damages; and any and all relief the court deems proper.

VI. The plaintiff demands that the case be tried by a jury. [X] YES   [ ] NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

_____
(Signature of plaintiff or plaintiffs)

Brian Perron
(Print name)

167203
(I.D. Number)
DPCJ

501 N County Farm Rd

Wheaton, Il 60187
(Address)

6

Revised 9/2007

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM:SO-00422
REVISED:02/06

PRINT NAME: Brian Perron
DATE: 6/25/07
DOCKET NUMBER: 1672-05
HOUSING LOCATION: D/L 1 POD C CELL 5

CHECK ONLY ONE ITEM PER SLIP

### LEGAL
- [ ] PUBLIC DEFENDER
- [ ] PROBATION
- CASE # _____
- COURT ROOM # _____

### ADMINISTRATIVE SERVICES
- [ ] SEE WATCH SUPERVISOR
- [x] GRIEVANCE
- [ ] LAW LIBRARY
- [ ] COMMISSARY AUDIT
- [ ] OUTDATE/WARRANT CHECK
- [ ] TRUSTY WORK REQUEST
- [ ] HAIRCUT
- [ ] OTHER _____
- [ ] LETTER OF INCARCERATION REQUEST

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES
- [ ] ALCOHOLICS ANONYMOUS
- [ ] JOB READINESS
- [ ] NARCOTICS ANONYMOUS
- [ ] GED
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] BASIC COMPUTER TRAINING
- [ ] AL-ANON (FEMALE ONLY)
- [ ] ANGER MANAGEMENT
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] DOCE PASOS DE VICTORIA
- [ ] PARENTING (FEMALE ONLY)
- [ ] ONE ON ONE COUNSELING
- [ ] TELEPHONE REQUEST
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

### JUST of DUPAGE RELIGIOUS SERVICES
- [ ] CATHOLIC WORSHIP
- [ ] SCRIPTURE REQUEST (TYPE) _____
- [ ] MUSLIM WORSHIP
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] BIBLE STUDY CORRESPONDENCE COURSE
- [ ] CHAPLAIN, JUST of DUPAGE

### JAIL CHAPLAIN SERVICES
- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT
- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER _____

DESCRIBE (Use Reverse Side If More Space Is Needed)

Black Inmates are given an alternative for shaving by being given magic shave. Why are white inmates receiving unequal treatment?



## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

**JOHN E. ZARUBA**
SHERIFF

501 N. COUNTY FARM ROAD
WHEATON, ILLINOIS 60187
ADMINISTRATION (630) 682-7269
CIVIL DIVISION (630) 682-7250

TO : Inmate Brian Perron 1C-5

FROM : Deputy Martin C. Manion Special Services Manager

DATE : 28 June, 2007

RE : Grievance

In response to your submitted grievances dated June 25th.
1. Per State's Attorneys Office, Deputy Lyons is not permitted to assist inmates in preparation of legal motions or documents for court due to not being a licensed attorney. If you wish to obtain legal forms, write the DuPage County Circuit Clerks Office.
2. It is the policy of the DuPage County Jail to provide indigent inmates with weekly option. 9-pieces of legal paper, 3-stamped envelopes, toothbrush/paste, 1-pen or indigent kit that contains 1-pad of paper, 2-stamped envelopes, 1-pen. All inmates are provided liquid soap for bathing.
3. Due to our current computer system we must charge inmates 1-cent for indigent kits. On above date, I reimbursed your account 5-cents for previous indigent charges.
4. No inmate, including indigent inmates within the DuPage County Jail, are ever denied the ability to copy current legal material from the law library books. They can either purchase paper from commissary or receive 1-pad of paper 50-sheets per week if indigent. If legal material cannot be found in law library the inmate can request from their attorney or judge the requested material.
5. The DuPage County Jail does not provide, or is required to provide paralegal services to inmates. The DuPage County Public Defender's Office will provide indigent inmates with legal advice and direction.
6. Per your request to be housed in administrative segregation. All inmates housed within these locations are restricted in their movement within the DuPage Jail for their protection and protection of other inmates. This includes access to religious group services. However, if you wish to have a spiritual adviser such as priest, rabbi, minister, visit you, you can request Chaplain Ray Anderson to contact such person to come and meet with you on an individual basis. Chaplain Anderson has been notified of your current housing location and will be coming down to speak with you regarding these issues.



## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

**JOHN E. ZARUBA**
SHERIFF

501 N. COUNTY FARM ROAD
WHEATON, ILLINOIS 60187
ADMINISTRATION (630) 682-7269
CIVIL DIVISION (630) 682-7250

7. Commissary prices are continually being reviewed through vendors requested retail selling price and prices comparable in other stores in the community.

8. It is the policy of the DuPage County Jail to not allow inmates who are housed within receiving cells or 1ABC pod with pens. This is due to previous graffiti written on cell walls. All such inmates are given pencils when they are housed in these areas. If you have a pen it will be placed within your property and given to you once you relocate to general population or released from Jail.

9. Magic Shave is only dispensed to African American inmate's due to skin types and caustic ingredients within Magic Shave can cause harm to fair skin types.

10. You are charged .55 cents for stamped envelope due to charge for both stamp and envelope.

11. You were being processed within the DuPage County Jail on May 7th and the holding cells do not provide mattress due to amount of inmates being processed, available space, and limited time within holding area.

12. The commissary receives its supplies from reputable vendors who meet all state and federal requirements for selling such products to jail, prisons, or other retail selling outlets.

Copy:
Chief Lavery
Grievance File
Inmate File
File

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE FORM**

FORM:SO-00422
REVISED:02/06

Chief Lavery

PRINT NAME: Brian Perron
DATE: 6/30/07
DOCKET NUMBER: 167203
HOUSING LOCATION: D/L 1 POD C CELL 5

CHECK ONLY ONE ITEM PER SLIP

### LEGAL
- [ ] PUBLIC DEFENDER
- [ ] PROBATION
- CASE #
- COURT ROOM #

### ADMINISTRATIVE SERVICES
- [ ] SEE WATCH SUPERVISOR
- [x] GRIEVANCE
- [ ] LAW LIBRARY
- [ ] COMMISSARY AUDIT
- [ ] OUTDATE/WARRANT CHECK
- [ ] TRUSTY WORK REQUEST
- [ ] HAIRCUT
- [ ] OTHER
- [ ] LETTER OF INCARCERATION REQUEST

### JUST of DUPAGE SOCIAL/EDUCATIONAL SERVICES
- [ ] ALCOHOLICS ANONYMOUS
- [ ] JOB READINESS
- [ ] NARCOTICS ANONYMOUS
- [ ] GED
- [ ] ADDICTION EDUCATION/12 STEP
- [ ] BASIC COMPUTER TRAINING
- [ ] AL-ANON (FEMALE ONLY)
- [ ] ANGER MANAGEMENT
- [ ] SUBSTANCE ABUSE COUNSELING
- [ ] BOOK CLUB (FEMALE ONLY)
- [ ] DOCE PASOS DE VICTORIA
- [ ] PARENTING (FEMALE ONLY)
- [ ] ONE ON ONE COUNSELING
- [ ] TELEPHONE REQUEST
- [ ] RELAPSE PREVENTION/HEALING ADDICTIONS
- [ ] "TO COURT" LETTER (REQUEST OF ACTIVITIES ATTENDED)

### JUST of DUPAGE RELIGIOUS SERVICES
- [ ] CATHOLIC WORSHIP
- [ ] SCRIPTURE REQUEST (TYPE)
- [ ] MUSLIM WORSHIP
- [ ] ESTUDIO DE LA BIBLIA EN ESPANOL
- [ ] CHRISTIAN WORSHIP/BIBLE STUDY
- [ ] BIBLE STUDY CORRESPONDENCE COURSE
- [ ] CHAPLAIN, JUST of DUPAGE

### JAIL CHAPLAIN SERVICES
- [ ] DEACON ANDREW, CHAPLAIN
- [ ] FATHER GREG, ASS'T. CHAPLAIN

### DUPAGE COUNTY HEALTH DEPARTMENT
- [ ] HEALTH EMPOWERMENT (FEMALES ONLY)
- [ ] OTHER

DESCRIBE (Use Reverse Side If More Space is Needed)

I'm appealing the response to Black Inmates having a shaving option to Razors & whites dont, why are white Inmates not given a shaving option to Razors & receiving unequal treatment?

**JOHN E. ZARUBA**
SHERIFF

501 N. County Farm Road
Wheaton, Illinois 60187
(630) 407-2000
FAX (630) 407-2013
www.co.dupage.il.us/sheriff



Civil Division        (630) 407-2060
Corrections          (630) 407-2255
Crime Laboratory     (630) 407-2100
Detective Division   (630) 407-2323
Radio Room           (630) 407-2400
Records Division     (630) 407-2270
Warrants Division    (630) 407-2290

## OFFICE OF THE SHERIFF
### COUNTY OF DUPAGE

TO:     Inmate Brian Perron

FROM:   Chief Lavery

SUBJ:   Grievance Appeal dated 6/30/07 (received 7/9/07), Shaving Option

DATE:   July 12, 2007

I have reviewed your appeal regarding a shaving option for white inmates. You cite that black inmates have the option of using magic shave. I affirm Deputy Manion's response ("Magic Shave is only dispensed to African American inmates due to skin types and caustic ingredients within Magic Shave can cause harm to fair skin types."). Finally, if you possess a medical condition that requires a different shaving option, you may request to see medical staff about same.

Copy to:
Inmate file
Grievance file
Deputy Manion
ASA Bruckner

Chief Lavery

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE SLIP**

PRINT NAME: Brian Perron  DATE: 10/25/05

DOCKET NUMBER: 2050450  D/L 1  POD C  CELL 4

CHECK ONLY ONE ITEM PER SLIP

**LEGAL**
- [ ] Public Defender
- [ ] Probation
- [ ] Court Room

Case #: _____

**ADMINISTRATIVE SERVICES**
- [ ] Law Library
- [ ] Substance Abuse Group
- [ ] Commissary Audit
- [ ] See Watch Supervisor
- [ ] Outdate/Warrant Check
- [x] Grievance

**RELIGIOUS SERVICES**
- [ ] Chaplain
- [ ] Catholic Chaplain
- [ ] Catholic Worship
- [ ] Christian Worship/Bible Study
- [ ] Estudio de la Biblia en Espanol
- [ ] Muslim Worship

**SOCIAL/EDUCATIONAL SERVICES**
- [ ] AA
- [ ] NA
- [ ] Health Dept. Psychological Services
- [ ] Job Readiness
- [ ] Personal/Family Problems
- [ ] GED/College Classes
- [ ] Other

DESCRIBE (Use Reverse If More Space Is Needed)

I'm expecting there no response to being told since I'm "white" I can't have magic shave, why am I being discriminated against due to my race?

(copy)

SO-00422

---

**DUPAGE COUNTY JAIL**
**INMATE REQUEST/GRIEVANCE SLIP**

PRINT NAME: Brian Perron  DATE: 10/18/05

DOCKET NUMBER: 2050450  D/L 1  POD C  CELL 4

CHECK ONLY ONE ITEM PER SLIP

**LEGAL**
- [ ] Public Defender
- [ ] Probation
- [ ] Court Room

Case #: _____

**ADMINISTRATIVE SERVICES**
- [ ] Law Library
- [ ] Substance Abuse Group
- [ ] Commissary Audit
- [ ] See Watch Supervisor
- [ ] Outdate/Warrant Check
- [x] Grievance

**RELIGIOUS SERVICES**
- [ ] Chaplain
- [ ] Catholic Chaplain
- [ ] Catholic Worship
- [ ] Christian Worship/Bible Study
- [ ] Estudio de la Biblia en Espanol
- [ ] Muslim Worship

**SOCIAL/EDUCATIONAL SERVICES**
- [ ] AA
- [ ] NA
- [ ] Health Dept. Psychological Services
- [ ] Job Readiness
- [ ] Personal/Family Problems
- [ ] GED/College Classes
- [ ] Other

DESCRIBE (Use Reverse If More Space Is Needed)

I was told since I'm "white" I can't have magic shave, why am I being discriminated against because of my race?

(copy)

SO-00422

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2757 | **DATE** | May 27, 2008 |
| **CASE TITLE** | Brian Perron (#167203) vs. County of DuPage, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $2.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the DuPage County Jail. The Clerk is directed to issue summonses for service on Defendants by the U.S. Marshal. The Clerk is further directed to send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate at the DuPage County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the County of DuPage and certain correctional officials, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical needs and by denying him equal protection. More specifically, Plaintiff alleges that despite shaving irritation, he has been denied the use of Magic Shave, a depilatory that routinely is made available to African American detainees.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.33. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time that the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

(CONTINUED)

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal causes of action. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999); but see *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to a serious condition or signs of serious injury amounts to a constitutional violation). Furthermore, whether or not Plaintiff's desire for Magic Shave amounts to a serious medical need, when public officials use race to allocate burdens or benefits, such a practice "is subject to . . . skeptical, questioning, beady-eyed scrutiny. . . ." *Wittmer v. Peters*, 87 F.3d 916, 918 (7th Cir. 1996). Plaintiff contends that it is county policy to deny the depilatory to anyone but black inmates. Thus, while a more fully developed record may establish that Plaintiff has suffered no deprivation of constitutional magnitude, Defendants must respond to the complaint.

The Clerk shall issue summonses forthwith and send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshal's Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the DuPage County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on their behalf). Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied without prejudice at this time. Civil litigants do not have a constitutional or statutory right to counsel. See *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997)). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was
**(CONTINUED)**

effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (i) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (ii) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; see also Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. See *Gil*, 381 F.3d at 656 (citing *Jackson*, 953 F.2d at 1072-73). In any event, although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Moreover, neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that the assistance of a trained attorney appears necessary. In short, at least at this stage of the case, Plaintiff appears more than capable of presenting his claims. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel would be appropriate, the Court may revisit this request.

A TRUE COPY -
MICHAEL W. DOBBINS
BY _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 5/28/2008