IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN PERRON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **08 CV 2757** |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| COUNTY of DUPAGE (Personal Cap.), | ) | |
| SHERIFF ZARUBA (Personal Cap.), | ) | Magistrate Judge Keys |
| CHIEF LAVERY (Personal Cap.) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**NOW COME** the Defendants, the COUNTY OF DUPAGE, JOHN E. ZARUBA, SHERIFF OF DUPAGE COUNTY (named herein as "SHERIFF ZARUBA"), and GARY LAVERY (named herein as "CHIEF LAVERY"), by and through their attorney, JOSEPH E. BIRKETT, DuPage County State's Attorney, and his Assistants Thomas F. Downing and Paul F. Bruckner, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss Plaintiff's Complaint against them and in support thereof states as follows:

### INTRODUCTION

On May 29, 2008, Plaintiff filed a Complaint purporting to assert a civil rights action against Defendant herein pursuant to 42 U.S.C. § 1983. Plaintiff purports to claim that the County of DuPage (Personal Capacity), Sheriff Zaruba (Personal Capacity), and Chief Lavery (Personal Capacity), violated his constitutional rights by acting with deliberate indifference to his

medical needs, and by denying him equal protection in that they failed to provide him with "Magic Shave" or an alternative to shaving with a razor.

## STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all well-plead factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S.163, 164 (1993); *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480,483 (7th Cir.1997). Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need not recite all relevant facts or recite the law, but requires a short and plain statement showing that the party is entitled to relief. *Fed. R. Civ. P. 8(a).* However, a plaintiff can plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County*, 75 F.3d 151, 153-154(7th Cir. 1995).

## ARGUMENT

**Any Purported Claims For Alleged Violations Prior to May 29, 2006 Are Time-Barred**

In his Complaint, Plaintiff references several alleged incidents "Between April 19th, 2005 & Aug. 14th, 2006…". Specifically, he makes reference to an alleged incident in October of 2005, and an alleged grievance and grievance appeal dated October 18th, 2005 and October 15th, 2005 (Pl. Complaint p.3). The statute of limitations for a Section 1983 civil rights claim in Illinois is 2 years. Plaintiff filed his Complaint on May 29, 2008. Accordingly, any purported Section 1983 civil rights claims which allegedly occurred prior to May 29, 2008, are time-barred and must be dismissed.

### Failure To State A Claim Against The County Of DuPage

In Plaintiff's Complaint, Plaintiff purports to assert a Section 1983 claim against the "County of DuPage (Personal Cap.)". However, Plaintiff does not state any legal basis for an individual capacity claim, and the Complaint should be dismissed as to the County of DuPage.

In order to state a Section 1983 claim against an individual, facts must be alleged that the Defendant was "personally involved in the constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986). In Plaintiff's Complaint, he makes no allegations of any personal involvement of Defendant, the County of DuPage, in the alleged incidents involving "Magic Shave" or other shaving options. Accordingly, the Plaintiff does not state a claim against the County of DuPage, in an individual or "Personal" capacity, and Plaintiff's Complaint must be dismissed as to the County of DuPage.

Plaintiff appears to be asserting a policy claim against the County of DuPage. Specifically, Plaintiff asserts in the last line of his complaint: "Any policy of local government that violates an inmates constitutional rights, inmates can hold municipality liable." Plaintiff's claim appears to be that the County of DuPage is responsible for "jail policy." However, the County of DuPage does not establish or implement "jail policy". *See Moy v County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926 (Illinois 1994); *Thompson v. Duke*, 882 F.2d 1180 (7th Cir. (Ill.) 1989); *McMillian v. Monroe County, Ala.*, 117 S.Ct. 1734 [fn.10] (US 1997). Accordingly, Plaintiff fails to state a claim against the County of DuPage regarding "jail policy", and Plaintiff's Complaint must be dismissed as to the County of DuPage.

Lastly, assuming, *arguendo*, that Plaintiff is attempting to hold the County of DuPage liable on a *respondeat superior* theory, based upon the purported actions of Sheriff Zaruba and/or Chief Lavery, the County cannot be liable on a *respondeat superior* theory under § 1983.

Sheriff Zaruba and Chief Lavery are not county employees or agents. "[A]pplication of the doctrine of *respondeat superior* requires the existence of an employment relationship." As to the relationship between the sheriff and the County of DuPage, "the position of sheriff is an office and not a mere employment [and] as such, the doctrine of *respondeat superior* has no application." *Moy v County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926 (Illinois 1994).

More specifically, in this matter, as in *Cooper v. Office of the Sheriff of Will County*, 333 F.Supp.2d 728 (Northern Dist. Ill. 2004), citing *Moy,*

> the Supreme Court of Illinois ruled that a county is not liable for the actions of its sheriff under the *respondeat superior* doctrine because under Illinois law, the sheriff is a county officer, and an employee/employer relationship does not exist between the county and its sheriff. "Therefore, the county may not be held vicariously liable for the sheriff's alleged . . . conduct,".

Even assuming, *arguendo*, that Sheriff Zaruba and/or Chief Lavery were agents of DuPage County, the United States Supreme Court has concluded "that a municipality cannot be held liable under §1983 on a *respondeat superior* theory. … a local government may not be sued under §1983 for an injury inflicted solely by its employees or agent." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-92, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611(1978). Accordingly, Plaintiff fails to state a claim against the County of DuPage regarding under §1983 and Plaintiff's Complaint must be dismissed as to the County of DuPage.

### **Failure To State A Claim Against Sheriff Zaruba**

In Plaintiff's Complaint, Plaintiff purports to assert a Section 1983 claim against "Sheriff Zaruba (Personal Cap.)". However, Plaintiff does not state any legal basis for an individual capacity claim, and the Complaint should be dismissed as to John E. Zaruba, Sheriff of DuPage County.

In order to state a Section 1983 claim against an individual, facts must be alleged that the Defendant was "personally involved in the constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986).  In Plaintiff's Complaint, he makes no allegations of any personal involvement of Defendant, John E. Zaruba, Sheriff of DuPage County, in the alleged incidents involving "Magic Shave" or other shaving options.  Accordingly, the Plaintiff does not state a claim against John E. Zaruba, Sheriff of DuPage County, in an individual or "Personal" capacity, and Plaintiff's Complaint must be dismissed as to John E. Zaruba, Sheriff of DuPage County.

### Failure To State A Claim Against Chief Lavery

In Plaintiff's Complaint, Plaintiff purports to assert a Section 1983 claim against "Chief Lavery (Personal Cap.)".  The only allegation against "Chief Lavery" within the relevant time period (may 29, 2006 to May 29, 2008) is that Chief Lavery responded to an appeal of a grievance which was filed by Plaintiff (see p. 5 of Plaintiff's Complaint.  While Plaintiff pleads that he filed an appeal to Chief Lavery on June 30th, 2007, and proceeds to indicate what the appeal purportedly stated, an examination of the Exhibits shows that in actuality, the language partially quoted by Plaintiff is contained within Chief Lavery's July 12, 2007 response to Plaintiff's June 30, 2007 appeal).

Plaintiff purports to claim that "Chief Lavery (Personal Capacity)", violated his constitutional rights by acting with deliberate indifference to his medical needs, and by denying him equal protection in that they failed to provide him with an alternative to shaving with a razor (Plaintiff alleges at p.5 that he asked an unidentified person "what shaving alternatives there were for caucasins(sic)" and was told by this unidentified person "there was none even though blacks had an alternative."  Further, in his request for relief, he states "supply white inmates with an alternative to shaving with razors.)  However, an examination of Plaintiff's Complaint

establishes that Plaintiff has plead himself out of court by alleging facts which show that plaintiff has no viable claim. *Jackson v. Marion County*, 75 F.3d 151, 153-154 (7th Cir. 1995). Plaintiff has alleged facts which establish that Chief Lavery was not indifferent to his medical needs and that Chief Lavery offered shaving alternatives. Specifically, Plaintiff's allegations, and the exhibits attached and made part of Plaintiff's Complaint, establish that Chief Lavery was not indifferent to plaintiff's medical needs, and that Chief Lavery offered alternatives to shaving with a razor.

Plaintiff alleges that on June 25, 2007, he filed a grievance per the Inmate Rules and Regulations (Comp. p. 5). Plaintiff has attached a copy of the grievance as an exhibit to his Complaint. The June 25, 2007 grievance states: "Black Inmates are given an alternative for shaving by being given magic shave. Why are White Inmates receiving unequal treatment?" Plaintiff continues, alleging that the grievance officer replied to his grievance (Comp. p. 5). Plaintiff has attached a copy of the grievance officer's reply, dated June 28, 2007, as an exhibit to his Complaint (the reply contains responses to 12 grievances Plaintiff filed on June 25, 2007. Response number 9 is directed toward Plaintiff's grievance regarding alternatives for shaving). The response by the grievance officer shows a concern for the Plaintiff's health. Specifically, the response states: "Magic Shave is only dispensed to African American inmate's due to skin types and caustic ingredients within Magic Shave can cause harm to fair skin types." (Plaintiff is a fair skinned Caucasian).

Plaintiff alleges that he filed an appeal to the grievance officer's reply (Comp. p. 5). Plaintiff has attached a copy of his June 30, 2007 grievance appeal as an exhibit to his Complaint. The grievance appeal states: "I'm appealing the response to Black Inmates having a shaving option to Razors & Whites don't. Why are White Inmates not given a shaving option to

Razors & receiving unequal treatment?"  (Contrary to Plaintiff's assertions, Plaintiff was never told that white inmates are not given a shaving option to razors, he was merely told that Magic Shave is dispensed to African American inmates due to skin types and due to the fact that caustic ingredients within Magic Shave can cause harm to fair skin types.  [The depilatory used in the DuPage County Jail, "Royal Crown ® Shaving Powder" specifically states: "MADE FOR BLACK MEN" in boldface type.]).

     Plaintiff alleges that Chief Lavery responded to his appeal (Comp. p. 5).  Plaintiff has attached a copy of Chief Lavery's July 12, 2007 response as an exhibit to his Complaint.  Contrary to Plaintiff's assertion, Chief Lavery's response does not state that there are no options available to white inmates as an alternative to shaving with razors.  Chief Lavery does not deny Plaintiff an alternative to shaving with a razor.  The response: shows a concern that use of the Magic Shave may be harmful to Plaintiff's fair skin; contains a suggestion that Plaintiff see medical staff for any medical condition Plaintiff may possess regarding shaving; and implies that there are shaving options for white inmates which may be available to Plaintiff.  Specifically, the response states, in pertinent part:

> "Grievance Appeal dated 6/30/07 (received 7/9/07), Shaving Option
> …
> I have reviewed your appeal regarding a shaving option for white inmates.  You cite that black inmates have the option of using magic shave.  I affirm Deputy Manion's response ("Magic Shave is only dispensed to African American inmates due to skin types and caustic ingredients within Magic Shave can cause harm to fair skin types.")  Finally, if you possess a medical condition that requires a different shaving option, you may request to see medical staff about same."

     As indicated, Chief Lavery's response contains no denial of an alternative for Plaintiff to shaving with a razor, and no deliberate indifference to Plaintiff's "medical needs".  In fact, the response suggests the contrary, that Plaintiff contact medical staff regarding shaving options other than an option which may be caustic and harmful to his skin (Plaintiff has asserted that he

would have to pay to see medical staff, however, as indicated in the June 28, 2007 grievance response, Plaintiff was on indigent status and would not be denied medical care due to insufficient funds). Plaintiff has plead himself out of court by alleging facts which show that Plaintiff has no viable claim against Chief Lavery. Accordingly, Plaintiff's Complaint must be dismissed as to Gary Lavery.

### Failure to Comply With Local Rule 81.1

Local Rule 81.1 provides that "*[P]ro se* complaints, brought under the Civil Rights Act, 42 U.S.C. § 1983, by persons in custody shall be in writing, signed and certified. Such Complaints shall be on forms supplied by the Court." Plaintiff, while a person in custody, filed a *pro se* complaint, brought under the Civil Rights Act, 42 U.S.C. § 1983, on a form supplied by the Court. However, Plaintiff failed to comply with the instructions on the form relative to the filing of previous lawsuits. Plaintiff has failed to disclose his filing of thirty-three (33) lawsuits.

Pursuant to Section III of Plaintiff's Complaint, Plaintiff was required to **"List ALL lawsuits you. … have filed in any state or federal court in the United States."** (emphasis in original) The instructions for Section III, which appear at the bottom of the page in boldface, upper case type states, in pertinent part:

**"REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. …"**

In Section III, Plaintiff has listed only two cases, specifically, DuPage County Case No. 07 CH 2200 and Northern District Case No. 08 C 1735. However, in addition to the two cases listed, Plaintiff has actually filed at least thirty-three (33) additional cases. Specifically, during a 2006 incarceration in the DuPage County Jail, Plaintiff filed twenty five (25) cases, *in forma*

*pauperis*, in DuPage County[1]. Motions to dismiss were filed by defendants in said cases, and all twenty-five (25) cases were dismissed. During a 2007 incarceration in the DuPage County Jail, in addition to Case No. 2007 CH 2200, Plaintiff filed an additional eight (8) cases in DuPage County[2]. Each of these cases was either dismissed pursuant to a motion, or withdrawn by Plaintiff when a DuPage County Judge refused to allow him to sue or defend as an indigent person.

Plaintiff has failed to disclose to this Court that in addition to this case, and the two cases listed, he has filed at least thirty-three (33) other lawsuits. The form required by Local Rule 81.1 specifically requires that Plaintiff completely fill out Section III of the form, regardless of how many lawsuits he has filed. Pursuant to the Section III's instructions, Plaintiff will not be excused from filling out Section III completely, and failure to fill out Section III completely may result in dismissal of the case. Plaintiff has failed to completely fill out Section III, specifically failing to disclose that he has filed an additional thirty-three (33) lawsuits. Plaintiff's failure to disclose the filing of his thirty-three (33) lawsuits should result in dismissal of his case.

WHEREFORE, for the foregoing reasons, Defendants, the COUNTY OF DUPAGE, JOHN E. ZARUBA, SHERIFF OF DUPAGE COUNTY (named herein as "SHERIFF ZARUBA"), and GARY LAVERY (named herein as "CHIEF LAVERY"), respectfully request that Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff filed the following cases in the 18th Judicial Circuit Court, DuPage County: 2006 MR 859; 2006 MR 860; 2006 MR 861; 2006 MR 862; 2006 MR 941; 2006 MR 942; 2006 MR 943; 2006 MR 944; 2006 MR 996; 2006 MR 997; 2006 MR 998; 2006 MR 999; 2006 MR 1000; 2006 MR 1001; 2006 MR 1026; 2006 MR 1027; 2006 MR 1028; 2006 MR 1029; 2006 MR 1030; 2006 MR 1031; 2006 MR 1032; 2006 AR 1205; 2006 CH 1213; 2006 CH 1214; and 2006 CH 1215.

[2] Plaintiff filed the following cases in the 18th Judicial Circuit, DuPage County: 2007 MR 1170; 2007 MR 1171; 2007 MR 1172; 2007 MR 1173; 2007 MR 1174; 2007 MR 1653; 2007 MR 1225; and 2007 MR 1225

                    Respectfully submitted,

                    JOSEPH E. BIRKETT
                    DuPage County State's Attorney
                    By:  <u>s/ PAUL F. BRUCKNER</u>
                          PAUL F. BRUCKNER
                          Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By:  Paul F. Bruckner, A.S.A.
Attorney No. 6206660
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

## CERTIFICATE OF SERVICE

**TO:**  Brian Perron
200 E. Irving Park Road, #5
Wooddale, IL 60191

The undersigned being first duly sworn upon oath states that:

On the 28th day of July, 2008, I served a copy of our APPEARANCES, DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE and NOTICE OF MOTION, according to Fed.R.Civ.P. 5(a,), by mailing a copy to Brian Perron at the above-named address, and depositing the same in the U.S. Mail in Wheaton, Illinois with the proper postage prepaid.

s/PAUL F. BRUCKNER
Assistant State's Attorney

w\pfb\Perron mtd maj shv 7-28-08